1
2
3
4
5
6
7

8              UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID BENNETT,                          No.  2:22-cv-2157 DB P

12              Plaintiff,

13        v.                                  ORDER

14   MONROE DETENTION CENTER, et al.,

15              Defendants.

16

17        Plaintiff is a county inmate proceeding pro se with a civil rights action pursuant to 42

18   U.S.C. § 1983.  Plaintiff claims that his right to access the court has been denied, he has been

19   retaliated against, and he has not received adequate mental health treatment.  Presently before the

20   court is plaintiff's motion to proceed in forma pauperis (ECF No. 5), motions for injunctive relief

21   (ECF Nos. 6, 9, 10), motion for the appointment of counsel (ECF No. 8), motion to expedite

22   (ECF No. 12), and his complaint for screening (ECF No. 1).  For the reasons set forth below, the

23   undersigned will deny the request to proceed in forma pauperis without prejudice, deny the

24   motion to expedite, deny the motions for injunctive relief without prejudice, and dismiss the

25   complaint with leave to amend.

26                         **IN FORMA PAUPERIS**

27        Plaintiff filed a request for leave to proceed in forma paupers after filing the complaint.

28   (ECF No. 5.)  However, plaintiff did not submit his in forma pauperis request on the proper form

1    or provide a certified copy of his inmate trust account.  Accordingly, plaintiff's request to proceed

2    in forma pauperis will be denied and plaintiff will be granted thirty days[1] to submit a new request

3    on a proper form.  Plaintiff is cautioned that the form includes a section that must be completed

4    by a jail official, and the application form must be accompanied by a certified copy of plaintiff's

5    inmate trust account statement for the six-month period immediately preceding the filing of this

6    action.

7                                              **SCREENING**

8    **I.       Legal Standards**

9           The court is required to screen complaints brought by prisoners seeking relief against a

10   governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

11   1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

12   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

13   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

14   U.S.C. § 1915A(b)(1) & (2).

15          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

16   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

17   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

18   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

19   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

20   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

21   Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

22   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

23   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

24   AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

25   (1957)).

26   _____

27   [1] The court notes that plaintiff has indicated jail officials have not timely complied with plaintiff's
     requests relative to his in forma pauperis application.  (See ECF No. 5 at 1-2.)  To the extent jail
     officials do not provide the information within the specified time, plaintiff is advised to seek an
28   extension of time to file a new application to proceed in forma pauperis.

                                                      2

1    However, in order to survive dismissal for failure to state a claim a complaint must

2    contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

3    factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,

4    550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

5    allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

6    738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

7    doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

8    The Civil Rights Act under which this action was filed provides as follows:

9
    Every person who, under color of [state law] . . . subjects, or causes
10   to be subjected, any citizen of the United States . . . to the deprivation
     of any rights, privileges, or immunities secured by the Constitution .
11   . . shall be liable to the party injured in an action at law, suit in equity,
     or other proper proceeding for redress.

12   42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at

13   389.  The statute requires that there be an actual connection or link between the

14   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

15   Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

16   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

17   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

18   omits to perform an act which he is legally required to do that causes the deprivation of which

19   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

20   Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

21   their employees under a theory of respondeat superior and, therefore, when a named defendant

22   holds a supervisorial position, the causal link between him and the claimed constitutional

23   violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

24   Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

25   concerning the involvement of official personnel in civil rights violations are not sufficient.  See

26   Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

27   ////

28   ////

3

1    **I.        Allegations in the Complaint**

2           Plaintiff states the events giving rise to the allegations in the complaint occurred while he

3    was incarcerated at the Monroe Detention Center.  (ECF No. 1 at 1.)  He has identified the

4    following defendants: (1) Monroe Detention Center; (2) Yolo County Jail; (3) Well Path director,

5    Rosemary Gladden; (4) detention commander, Oviedo; (5) law librarian Schnider; and (6) Dr.

6    Lancaster.  (Id. at 1-2.)

7           Plaintiff alleges that the detention center is "denying him his right to 'Due Process,' and

8    adequate Mental Health Care, and Staff. They are doing this by not only denying mental health

9    Programs, Service, and activities. But also by Preventing him from Accessing court by way of

10   'Trickery,' 'coercion,' and violation of 'Bounds v. Smith, 430 U.S. 817 (1977)'[2] denying access

11   to law library . . . ."  (Id. at 17.)

12          Plaintiff alleges that the jail has denied "standard size regular writing paper," "regular size

13   envelopes," and restricts the number of pages an indigent inmate with legal mail may send out to

14   court.  (Id.)  He states the jail provides small writing paper and small envelopes for indigent

15   inmates.  Plaintiff complains that there is no assistance for inmates in the preparation of writs and

16   petitions.  (Id. at 19-20.)

17          Plaintiff argues that the jail's policies relative to Legal Research Associates ("LRA") is

18   not always followed or is too restrictive.  (Id. at 20.)  Plaintiff alleges the current policies

19   restricting law library access and use of LRA forms prevent him from effectively pursuing a

20   section 1983 action.  (Id.)

21          Plaintiff further alleges that "Mental Health Service at this Jail does not exist."  (Id. at 25.)

22   He states, "[t]he facility does not have on-site Mental Health Staff to identify systematically and

23   regularly those inmates with Mental Illness. As a result, Jail Staff, otherwise unqualified to assess

24   properly mental illness, identify inmates who require mental health service, like plaintiff. Such as

25   Brandy, the Social Worker, and Doctor Lancaster. Who are the only mental health staff plaintiff

26   knows of in the facility. Both only focus on issuing medication."  (Id. at 25.)

27   ───────────────

[2] The Supreme Court held in Bounds, that prisoners have a constitutional right of access to the
28   courts.  430 U.S. at 828.

4

Plaintiff states that he has been diagnosed with Schizophrenia and requires mental health treatment in addition to medication. (Id. at 26.)  He also references a right to treatment without having to be on medication.  (Id.)  He further states he was prescribed medication without being informed of the potential side-effects.  (Id. at 26-27.)  Plaintiff states that after taking the medication for approximately one year he stopped taking medication because he suffered from side-effects.  He alleges the side-effects included, dizziness, blackouts, shortness of breath, lack of energy, and liver issues.  (Id. at 27.)

Plaintiff alleges he filed a grievance asking that he be allowed to continue treatment without having to take medication.  (Id. at 27.)  Gladden's response indicated that plaintiff could not get treatment without taking medication.

Plaintiff later asked Dr. Lancaster about treatment without medication.  (Id. at 27.)  Lancaster advised that he could not get "that kind of service because the jail is 'short staff.' And could not provide 'one-on-one counseling' because he is only licensed to issue medication."  (Id. at 28.)  "Because Plaintiff is off his medication. Mental Health Staff 'Abandoned' Plaintiff and stopped coming to check up on him to see how he is doing in a place that Mental Health Service, and Staff does not exist."  (Id.)  Plaintiff argues the defendants are in contempt for violating the ADA based on the "lack of a 'mental health facility.'"  (Id. at 28.)

Plaintiff requests the court "come up with a new law making county jail law libraries also into a 'Federally Funded Activity' under 18 U.S.C. § 245-246 requiring it to be ran by Trained Professionals in the law library program."  (Id. at 29.)  Among other requests, plaintiff seeks an order from this court shutting down the jail for being in contempt and violating the ADA.  (Id. at 31.)

## II.    Does Plaintiff State a Claim under § 1983?

At the outset the court notes that in order "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48-49 (1988).  The allegations in the complaint fail to state a claim because plaintiff has not connected the alleged rights violations to any named defendant.  Plaintiff

is advised that he must adhere to the following standards for stating claims for relief under §

1983:

- Plaintiff must clearly identify each defendant and describe just what that defendant did that violated his constitutional rights.

- Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1983) (citations omitted).

- Plaintiff must make a short, plain statement of the facts supporting each claim. See Fed. R. Civ. P. 8(a).

- Plaintiff may allege multiple claims against a single defendant. Fed. R. Civ. P. 18(a). However, he may not bring a claim against one defendant in the same case as an unrelated claim against another defendant. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

- Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. In a civil rights case under § 1983, the relief available includes monetary damages and appropriate injunctive relief. Plaintiff may not seek release from custody in a § 1983 action.

- An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleadings are superseded.

- Plaintiff must exhaust administrative remedies before filing suit. 42 U.S.C. § 1997e(a).

////

With respect to plaintiff's claims, he should carefully review the legal standards set out below.  Plaintiff must identify a defendant and allege facts which support each factor of each legal claim.  Plaintiff is again reminded that he can only allege claims against different defendants if those claims are related to each other.

Below is a brief description of the legal standards for the claims plaintiff appears to raise in the complaint:

- To show that his right of access to the courts has been (or will be) violated due to inadequate library access or insufficient legal materials, plaintiff must show that: (1) access was (or will be) so limited as to be unreasonable, and (2) the inadequate access caused (or will cause) actual injury.  Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). Additionally, plaintiff cannot make conclusory declarations of injury in alleging his access to the courts has been impeded.  He must show "actual injury" from the denial or delay of services.  An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a claim."  Lewis v. Casey, 518 U.S. 343, 348 (1996).

- To state a claim for deprivation of adequate mental health care plaintiff must show: (1) a defendant made an intentional decision with respect to the conditions of plaintiff's confinement; (2) those conditions exposed plaintiff to a "substantial risk of serious harm"; (3) defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved; and (4) by not taking those measures, the defendant caused plaintiff's injuries. Atayde v. Napa State Hospital, 255 F. Supp. 3d 978, 989 (E.D. Cal. 2017) (citing Castro v. Los Angeles, 833 F.3d 1060, 1068-71 (9th Cir. 2016)).

- To show a violation of Title II of the Americans with Disabilities Act (ADA), plaintiff must allege four elements: (1) that he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of

7

1    the plaintiff's disability.  Simmons v. Navajo County, Ariz, 609 F.3d 1011, 1021 (9th Cir.

2    2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); Weinrich, 114

3    F.3d at 978.

4    **III.    Amending the Complaint**

5            As set forth above, the complaint fails to state a claim and will be dismissed.  However,

6    plaintiff will have the opportunity to file an amended complaint.  Plaintiff is advised that in an

7    amended complaint he must clearly identify each defendant and the action that defendant took

8    that violated his constitutional rights.  The court is not required to review exhibits to determine

9    what plaintiff's charging allegations are as to each named defendant.  The charging allegations

10   must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff

11   is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims.

12   Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

13           Any amended complaint must show the federal court has jurisdiction, the action is brought

14   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It must

15   contain a request for particular relief.  Plaintiff must identify as a defendant only persons who

16   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.

17   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation

18   of a constitutional right if he does an act, participates in another's act or omits to perform an act

19   he is legally required to do that causes the alleged deprivation).

20           In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.

21   R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

22   R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or

23   occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

24           The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara, 307 F.3d

25   1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any

26   heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.

27   84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must be

28   set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

1  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

2  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

3         An amended complaint must be complete in itself without reference to any prior pleading.

4  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, all prior pleadings are superseded.

5  Any amended complaint should contain all of the allegations related to his claim in this action.  If

6  plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended

7  complaint.

8         By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and

9  has evidentiary support for his allegations, and for violation of this rule the court may impose

10  sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

11                                  **INJUNCTIVE RELIEF**

12         Plaintiff has requested injunctive relief in several motions.  (ECF Nos. 5, 6, 9, 10.)  He has

13  also filed a request to expedite one of the motions for injunctive relief.  (ECF No. 12.)  The court

14  will set forth the standards applicable to injunctive relief and address the allegations in each

15  motion individually.  The motions requesting injunctive relief will be denied without prejudice

16  because the motions do not state what relief plaintiff would like the court to grant.

17  **I.      Legal Standards Relative to Injunctive Relief**

18         A party requesting preliminary injunctive relief must show that "he is likely to succeed on

19  the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

20  balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

21  Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief

22  hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean

23  Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

24         Alternatively, under the so-called sliding scale approach, as long as the plaintiff

25  demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the

26  public interest, a preliminary injunction may issue so long as serious questions going to the merits

27  of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for

28  the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the

1   "serious questions" version of the sliding scale test for preliminary injunctions remains viable

2   after Winter).

3       The principle purpose of preliminary injunctive relief is to preserve the court's power to

4   render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.

5   Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is

6   that the relief awarded is only temporary and there will be a full hearing on the merits of the

7   claims raised in the injunction when the action is brought to trial.

8       In cases brought by prisoners involving conditions of confinement, any preliminary

9   injunction must be narrowly drawn, extend no further than necessary to correct the harm the court

10  finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."

11  18 U.S.C. § 3626(a)(2).  Further, an injunction against individuals not parties to an action is

12  strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110

13  (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in

14  which he is not designated as a party . . . .").[3]

15      Further, preliminary injunctive relief is not appropriate until the court finds that the

16  plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv.,

17  753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal

18  jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not

19  attempt to determine the rights of persons not before the court.").

20  ////

21  ////

22  ////

23

24  [3] However, the fact that injunctive relief is sought from one not a party to litigation does not
    automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 16519(a) permits
25  the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the
    usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and
26  preservation of its jurisdiction.  Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir.
27  1979).  The United States Supreme Court has authorized the use of the All Writs Act in
    appropriate circumstances against persons or entities not a party to the underlying litigation.
28  United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

1  **II.     Motions for Injunctive Relief**

2         **A.  Request for Restraining Order**

3         Plaintiff filed a document captioned "Motion to Proceed in Forma Pauperis with

4  Supplemental [sic] Grievance Document For Request For Restraining Order."  The body of the

5  document discusses plaintiff's concerns that "the defendant is withholding his application to

6  proceed in forma pauperis because they are taking a long time to give him back his form," and the

7  court will dismiss the instant action for failure to submit an application to proceed in forma

8  pauperis.  As set forth above, plaintiff will be given another opportunity to submit an application

9  to proceed in forma pauperis.

10        Plaintiff's filing also includes information regarding his prison mail.  (ECF No. 5 at 2.)

11  He has submitted a grievance and the staff response to his grievance as an attachment to the

12  motion.  (Id. at 3.)  He requests that the conduct be added to his complaint.  However, as set forth

13  above, a complaint must be complete in itself without any reference to any prior pleading.  Thus,

14  this request will be denied.

15        Additionally, plaintiff has not included any information regarding his request for a

16  restraining order.  Absent such information, the court cannot grant any relief.

17        **B.  Motion for TRO and Adversary Submissions**

18        Plaintiff seeks injunctive relief based on jail officials' practice of opening his "legal mail

19  with this court and other courts.  (ECF No. 6 at 1.)  He later states "they continue to open [his]

20  court mail."  The court notes that mail from the court is not legal mail.  See Keenan v. Hall, 83

21  F.3d 1083, 1094 (9th Cir. 1996) ("[M]ail from the court, as contrasted with mail from a prisoner's

22  lawyer, is not legal mail.").

23        Plaintiff also asks for "adversary submissions for the record on this case.  By local rule,

24  the court may establish special procedures by which issues relating to such attorneys['] fees may

25  be resolved without extensive evidentiary hearings."  (ECF No. 6 at 2.)   However, as the

26  undersigned has determined that the complaint fails to state a potentially cognizable claim, any

27  additional rulings would be premature.  Accordingly, plaintiff's request for adversary submissions

28  will be denied without prejudice.

11

### C.  Request for Guardian Ad Litem and Injunctive Relief

Plaintiff states the jail "involuntary[ily] sent him to a hospital for no reason.  (ECF No. 9.)  He further states that medical officials refuse to "clear him from medical" or "allow him to sleep" because they continue to enter his room.  While plaintiff has captioned this motion as a motion requesting a guardian ad litem, he has not included any arguments in support of appointment in the body of his motion.

Federal Rule of Civil Procedure 17(c) requires a court to "appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).  "A party proceeding pro se in a civil lawsuit is entitled to a competency determination when substantial evidence of incompetence is presented."  Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005).  In determining whether substantial evidence of incompetence is presented ,the district court may consider sworn declarations from the pro se party or other inmates, sworn declarations or letters from treating psychiatrists or psychologists, and his medical history.  Id. at 1152-54.

A person's capacity to sue is measured by the standard of the law of his domicile.  Fed. R. Civ. P. 17(b)(1).  It appears plaintiff's domicile is California as he is incarcerated in this state.  "In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case."  Golden Gate Way, LLC v. Stewart, No. C 09-04458 DMR, 2012 WL 4482053, at *2 (N.D. Cal. Sept. 28, 2012) (citing In re Jessica G., 93 Cal. App. 4th 1180, 1186 (2001); Cal. Civ. Proc. Code § 372; and In re Sara D., 87 Cal. App. 4th 661, 666-67 (2001)).

Because plaintiff has provided no arguments or evidence in support of his request to appoint a guardian ad litem and for injunctive relief the motion will be denied at this time.

### D.  Motion to Injunctive Relief

Plaintiff again states he has concerns about this court processing the complaint and paying the filing fee because it is taking too long for the court to take the money from plaintiff's account.  (ECF No. 10.)  However, as set forth above, the court has not yet received from plaintiff a properly completed in forma pauperis application.  He states, "he seeks injunctive relief because

12

for this emergency interference with this case. Where the Jail has somehow contacted the legal issues or Attorney General with this court case and Retaliated Involuntary sending him to the Hospital around Jan[uary] 6[,] 2023. The time he was soposed [sic] to be going home from criminal proceedings.  Instead. The Jail Involuntary sent [him] to the Hospital for Filing this action." (ECF No. 10 at 1-2.)  Plaintiff's motion also contains concerns regarding his legal mail.  (Id. at 1.)  He further states, "Also involuntary [sic] refusing his court dates and attorney visitis and communication."  (Id. at 2.)  He states he has been "on illegal lockdown since he left the hospital" and believes officers are retaliating against him for filing this case.  (Id.)

It is clear from plaintiff's filings that he believes his current conditions of confinement violate his rights.  However, the undersigned will deny the requests without prejudice because, the undersigned cannot discern what relief he is asking the court to grant to him.  In any renewed motion, plaintiff should state with specificity what relief is sought.

### E. Motion to Expedite Motion for Injunctive Relief Due to Medical Emergency

Plaintiff has filed a motion seeking to expedite his requests for injunctive relief.  (ECF No. 12.)  In the motion, plaintiff raises issues related to: (1) pending state criminal charges; (2) competency proceedings; and (3) being involuntarily medicated.  (Id.)

Plaintiff indicates that he is being held in the infirmary because he is refusing medication.  (Id. at 4.)  Plaintiff seeks relief on numerous unrelated issues.  Additionally, it appears that some of the relief sought relates to state criminal proceedings.

Federal courts may not interfere with pending state criminal cases, absent extraordinary circumstances which create a threat of irreparable injury.  Younger v. Harris, 401 U.S. 37 (1971).  If the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case, irreparable injury does not exist.  Further, "even irreparable injury is insufficient [to allow interference] unless it is 'both great and immediate.'"  Id. at 46 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)).  Thus, plaintiff is advised that this court likely cannot interfere with any ongoing criminal proceedings.

To the extent plaintiff's motion requests that ruling on other motions be expedited, the undersigned finds such a request moot in light of the instant order ruling on plaintiff's requests.

1

**MOTION TO APPOINT COUNSEL**

2      Plaintiff states he is requesting counsel because Monroe Detention Center lacks mental

3   health care services.  (ECF No. 8 at 1.)  He further states that "[i]t is recorded that defendants are

4   deliberately preventing plaintiff form transferring his money to the court to pay the filing fee and

5   has been withholding his application to proceed in forma pauperis for an exceeded [sic] long time

6   now."  (Id. at 2.)

7      The United States Supreme Court has ruled that district courts lack authority to require

8   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

9   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

10   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

11   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

12      The test for exceptional circumstances requires the court to evaluate the plaintiff's

13   likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

14   light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328,

15   1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances

16   common to most prisoners, such as lack of legal education and limited law library access, do not

17   establish exceptional circumstances that would warrant a request for voluntary assistance of

18   counsel.  In the present case, the court does not find the required exceptional circumstances.

19   Plaintiff's filings show that he is capable of explaining the basis of his claims and citing relevant

20   case law.  Accordingly, the undersigned will deny the motion to appoint counsel without

21   prejudice to its renewal at a later stage of the proceedings.

22

**CONCLUSION**

23      For the reasons set forth above, IT IS HEREBY ORDERED that:

24      1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is denied without

25   prejudice.

26      2. The Clerk of the Court is directed to send plaintiff an Application to Proceed In Forma

27   Pauperis By a Prisoner for use in a civil rights action.

28   ////

14

3.  Plaintiff shall submit, within thirty days from the date of this order, a properly completed application to proceed in forma pauperis on the form provided with this order; plaintiff is cautioned that failure to comply with this order or seek an extension of time to do so will result in a recommendation that this action be dismissed without prejudice.

4.  Plaintiff's motion to appoint counsel (ECF No. 8) is denied without prejudice.

5.  Plaintiff's motions for injunctive relief (ECF Nos. 5, 6, 9, 10, 12) are denied without prejudice.

6.  Plaintiff's motion to expedite (ECF No. 12) is denied as moot.

7.  Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.

8.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint.

9.  Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  April 3, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/benn2157.3d+scrn+pi

15