1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                      FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11    DAVID BENNETT,                              No.  2:22-cv-2157 DB P
12                    Plaintiff,
13          v.                                    ORDER
14    MONROE DETENTION CENTER, et al.,
15                    Defendants.
16

17          Plaintiff is a county inmate proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims that his right to access the court has been denied, he has been

19    retaliated against, and he has not received adequate mental health treatment.  Presently before the

20    court is plaintiff's motion for protective order (ECF No. 15) and second motion for injunctive

21    relief (ECF No. 18).  For the reasons set forth below, the undersigned will deny the motions for

22    protective order and injunctive relief.

23    **I.      Background**

24          By order dated April 3, 2023, the undersigned screened and dismissed plaintiff's

25    complaint.  (ECF No. 17.)  Plaintiff was ordered to submit a properly completed in forma

26    pauperis application and an amended complaint within thirty days.  (Id. at 15.)  Those thirty days

27    have passed, and plaintiff has not submitted an in forma pauperis application, paid the filing fee

28    or filed an amended complaint.  Plaintiff has submitted a second motion for injunctive relief (ECF

                                            1

1    No. 18) and objections to the court's April 3, 2023 order (ECF No. 20).  However, he has not

2    filed an amended complaint and he has not paid the filing fee or submitted a properly completed

3    in forma pauperis application.

4         It appears plaintiff filed the motion for protective order and motion for injunctive relief

5    before he received the court's April 3, 2023 order.  The undersigned will address plaintiff's

6    motions as set forth below.  However, plaintiff is advised that future motions will not be

7    addressed unless plaintiff files an amended complaint and either pays the filing fee or submits a

8    properly completed in forma pauperis application.

9    **II.**      **Protective Order**

10        Plaintiff states he is seeking a protective order "on anything sensitive in his 'social

11    history' made in his previous motion for injunctive relief."  (ECF No. 15.)  The court construes

12    plaintiff's motion as a motion to redact or seal his prior filing.

13        To the extent plaintiff seeks to file documents under seal or to redact certain information

14    from a filing on the docket, he is advised that any request for sealing or redaction must comply

15    with Local Rules 140 (redaction) and 141 (sealing).  Plaintiff is further advised that there is a

16    strong presumption in favor of public access to court records.  Phillips v. Gen. Motors Corp., 307

17    F.3d 1206, 1210 (9th Cir. 2002).  Generally, if a party seeks to seal a judicial record, the party

18    bears the burden of overcoming this presumption by articulating "compelling reasons supported

19    by specific factual findings" to justify sealing the records at issue.  Kamakana v. City of County

20    of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).  Additionally, "[t]he mere fact that the

21    production of records may lead to a litigant's embarrassment, incrimination, or exposure to

22    litigation will not, without more, compel the court to seal its records."  Id. at 1179 (citing Foltz v.

23    State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003)).

24        Plaintiff has not met his burden of showing that any prior filing should be sealed or

25    redacted under Local Rules 140 or 141.  Accordingly, the court will deny the motion for

26    protective order.

27    ////

28    ////

1

### III.    Motion for Injunctive Relief

2      Plaintiff has filed a motion seeking injunctive relief.  (ECF No. 18.)  Therein he states that

3 the court has failed to act and respond to his previous filing.  (ECF No. 18 at 1.)  However, as

4 stated above, it appears he submitted this motion before he received the undersigned's April 4,

5 2023 order denying his prior motion for injunctive relief without prejudice.  (ECF No. 17.)

6      As was the case with prior filings, the court cannot discern what specific relief plaintiff

7 seeks in his motion.  Thus, the undersigned will deny the motion without prejudice.  Plaintiff is

8 advised that in any future motion seeking injunctive relief he should provide a short and plain

9 statement explaining the specific relief sought.  Additionally, the undersigned cannot grant

10 injunctive relief unless plaintiff can show a likelihood of success on the merits.  Because plaintiff

11 has not yet filed an amended complaint, the court cannot make any determination about plaintiff's

12 likelihood of success on the merits

13      Plaintiff states in his motion that he is unable to serve all parties or pay the filing fee.

14 (ECF No. 18 at 1.)  Plaintiff is advised that he was not ordered to pay the filing fee.  Rather,

15 plaintiff was directed to either pay the filing fee or submit a properly completed in forma pauperis

16 application.  (ECF No. 17 at 1-2, 17-18.)  Plaintiff may proceed with this action without

17 prepayment of fees if his in forma pauperis application shows that he does not have the funds to

18 pay the fee.  Plaintiff appears concerned that any request to proceed in forma pauperis will be

19 denied.  However, the court cannot make a determination about whether plaintiff qualifies to

20 proceed in forma pauperis until he submits an application that includes a certified copy of his

21 prison trust account.

22      Plaintiff will be given one final opportunity to submit an in forma pauperis application.

23 He is warned that failure to comply with the court's order to either pay the filing fee or submit a

24 properly completed in forma pauperis application may result in a recommendation that this action

25 be dismissed for failure to comply with court orders.  See E.D. Cal. R. 110; Fed. R. Civ. P. 41.

26      Plaintiff is also advised that service of the complaint will not occur until the undersigned

27 determines that the complaint contains a cognizable claim.  Therefore, to the extent plaintiff's

28 request is for additional time to serve defendants, such a request will be denied as premature.

1    **IV.    Conclusion**

2         For the foregoing reasons, IT IS HEREBY ORDERD that:

3         1.  Plaintiff's motion for protective order (ECF No. 15) is denied;

4         2.  Plaintiff's motion for injunctive relief (ECF No. 18) is denied without prejudice;

5         3.  Within thirty days of the date of service of this order plaintiff shall:

6              a.   either pay the filing fee or submit a properly completed in forma pauperis

7                    application; and

8              b.   file an amended complaint that complies with the requirements of the Civil

9                    Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of

10                   Practice.  The amended complaint must bear the docket number assigned to

11                   this case and must be labeled "First Amended Complaint.

12        4.  Failure to comply with this order will result in a recommendation that this action be

13   dismissed.

14   Dated:  May 25, 2023

15

16

17   DEBORAH BARNES
     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22   DB:12
     DB/DB Prisoner Inbox/Civil Rights/R/benn2157.pro.ord+inj

23

24

25

26

27

28

4