1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID BENNETT,                              No.  2:22-cv-2157 DB P

12              Plaintiff,

13         v.                                     ORDER

14    MONROE DETENTION CENTER, et al.,

15              Defendants.

16

17         Plaintiff is a county inmate proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff's original complaint alleged that his right to access the court has been

19    denied, he has been retaliated against, and he has not received adequate mental health treatment.

20    Presently before the court is plaintiff's motion for an extension of time and to appoint counsel

21    (ECF No. 23), motions for recusal (ECF Nos. 24, 27), motion to appoint a guardian ad litem (ECF

22    No. 25), motion for an extension of time and to appoint counsel or a guardian ad litem (ECF No.

23    26), motion to expedite his request for a guardian ad litem (ECF No. 28), and motion for

24    injunctive relief (ECF No. 29).  For the reasons set forth below, the undersigned will grant

25    plaintiff's request to proceed in forma pauperis, deny the motion for an extension of time, deny

26    the motion to appoint counsel, deny the motions for recusal, deny the motion to appoint a

27    guardian ad litem, deny the motion to expedite his request to appoint a guardian ad litem, deny his

28    request for injunctive relief, and direct him to file an amended complaint.

                                               1

1

**BACKGROUND**

2      Plaintiff initiated this action with the filing of the original complaint.  (ECF No. 1.)  After

3  filing the complaint and before the court had the opportunity to screen the complaint, plaintiff

4  filed several requests for injunctive relief and for the appointment of counsel.  (ECF Nos. 5, 6, 8,

5  9, 10, 12.)  By order dated April 3, 2023, the undersigned denied the requests without prejudice

6  and dismissed the complaint with leave to amend for failure to state a claim.  (ECF No. 17.)

7  Plaintiff was also directed to either pay the filing fee or submit a properly completed in forma

8  pauperis application.  (Id.)  Plaintiff has not complied with the court's April 3, 2023, order.

9  Rather, he has filed motions seeking recusal of the undersigned as well as requests for the

10  appointment of a guardian ad litem or counsel to assist him in this action, and a request for

11  additional time to comply with the court's April 3, 2023, order.

12      Plaintiff has not filed an amended complaint.  In light of his pro se status, the undersigned

13  will provide plaintiff with one additional opportunity to file an amended complaint.  Plaintiff is

14  advised that failure to file an amended complaint will result in a recommendation that this action

15  be dismissed for failure to prosecute and failure to comply with court orders.

16

**IN FORMA PAUPERIS**

17      This court has previously directed plaintiff to either pay the filing fee or submit a properly

18  completed in forma pauperis application.  (ECF Nos. 17, 22.)  Plaintiff has requested additional

19  time to submit a properly completed in forma pauperis application.  (ECF No. 26.)  He has also

20  indicated that he gave permission to have the funds to pay the filing fee removed from his prison

21  trust account, but his request has not been addressed.  (ECF No. 24 at 2.)  Plaintiff included

22  exhibits attached to the complaint showing that he submitted inmate grievance forms asking to

23  have funds from his inmate trust account forwarded to the court to pay the filing fee.  (ECF No.

24  26 at 60, 62, 66, 68.)  Additionally, plaintiff has filed two notices indicating he was transferred to

25  Atascadero State Hospital and then returned to Monroe Detention Center.  (ECF Nos. 23, 29.)

26  ////

27  ////

28  ////

1   In light of plaintiff's attempt to comply with the court's prior orders and his transfers, the

2   court will take judicial notice[1] of plaintiff's application to proceed in forma pauperis application

3   and certified trust account statement filed in Bennett v. Newsom, No. 2:23-cv-0040 DAD CKD P

4   (E.D. Cal.) on April 10, 2023.  The undersigned finds that plaintiff has submitted a declaration

5   that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request for leave to

6   proceed in forma pauperis will be granted and plaintiff's request for an extension of time to

7   submit a separate motion to proceed in forma pauperis will be denied as moot.

8   **MOTION FOR EXTENSION OF TIME AND TO APPOINT COUNSEL**

9   **I.      Plaintiff's Motion**

10   Plaintiff claims this court is "obstructing justice for failing to act on all of [his] motions . .

11   . by way of asking plaintiff to (1) file a First Amended Complaint[] [a]nd (2) file a[n] in forma

12   pauperis application."  (ECF No. 23 at 1-2.)  He further claims that the court cannot ask him to

13   amend the complaint because the Yolo County Jail cannot provide him with reasonable access to

14   the court.  (Id. at 2.)  He states he does not have access to copies, paper, stamps, or the law

15   library.  (Id.)

16   Plaintiff claims he was denied a notice of change of address because he sent an item of

17   mail on June 16, 2023, and he received a "return to sender" notice on June 26, 2023, indicating

18   the address he provided did not exist.  He concludes that this occurrence was due to mail fraud

19   intended to "waive [his] valid claim."  (Id. at 3.)

20   Plaintiff states that he lost his legal property and does not have it with him at the hospital[2]

21   today.  He claims that he is being punished by illegal California Penal Code § 1368 proceedings.

22   (Id. at 3.)  He states he was transferred to Atascadero State Hospital on June 14, 2023, for

23

---

24   [1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d
25   500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).  The Clerk
     of the Court will be directed to file a copy of plaintiff's application to proceed in forma pauperis
26   filed in Case No. 2:23-cv-0040 DAD CKD P in the instant action.
     [2] Plaintiff indicated with his July 23, 2023, filing that he was housed at Atascadero State Hospital.
27   (ECF No. 23 at 3.)  However, plaintiff's most recent filing indicates that he has been returned to
     the Yolo County Jail.  (ECF No. 29.)
28

1  California Penal Code § 1370 punishment.  (Id.)  When he was transferred his property was

2  "intercepted and d[e]stroyed and withheld."  (Id.)  He submitted a notice of change of address and

3  request for guardian ad litem, but this court "obstructed justice by sending it back claiming to not

4  exist at the true court address."  (Id. at 3-4.)  He states "[t]his is [his] excuse for not following any

5  court deadlines" from the court's May 25, 2023 order.  (Id. at 4.)

6       Plaintiff alleges that he is being involuntarily medicated and it is preventing him from

7  prosecuting his case.  (Id.)  Plaintiff attached a copy of the notice[3] he received in the mail.  (Id. at

8  5.)  Plaintiff claims Yolo County Jail did the same thing "with internal affairs when [he] filed a

9  citizen[']s complaint."  He states it is a "desp[e]rate act to prevent him from raising a valid claim

10  and winning it."  (Id. at 5.)  He alleges he sent a "timely in forma pauperis" as the court ordered

11  in April.[4]  (Id. at 6.)

12       Plaintiff requests the court "make reasonable accommodation on leave to amend and filing

13  fee by granting a guardian ad litem" pursuant to Federal Rule of Civil Procedure 17, AB 1018

14  Healthcare[,] PC § 1370 and 18 U.S.C. § 3006(f) appointment of counsel."  (Id.)

15   As set forth below, the court will grant plaintiff an opportunity to file an amended complaint

16  and will address plaintiff's request for the appointment of a guardian ad litem in detail below.

17   **II.     Motion to Appoint Counsel**

18       The United States Supreme Court has ruled that district courts lack authority to require

19  counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

20  U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

21  voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

22  1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

23  The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of

24  success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the

---

[3] The court notes that in the exhibit plaintiff attached to his motion containing the return to sender
he received (ECF No. 23 at 7), the zip code appears to be incorrectly listed as "93361" or
"93561."  The correct zip code associated with court's address is 95814.

[4] As set forth above, court records indicate that plaintiff submitted an application to proceed in
forma pauperis in a separate civil case on April 10, 2023.

25

26

27

28

1     complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th

2     Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to

3     most prisoners, such as lack of legal education and limited law library access, do not establish

4     exceptional circumstances that would warrant a request for voluntary assistance of counsel.

5          In the instant motion, plaintiff has not articulated any specific argument to support his

6     request for the appointment of counsel to assist him in this action.  Additionally, as set forth

7     above, the undersigned dismissed the original complaint with leave to amend, and plaintiff has

8     not yet filed an amended complaint.  Thus, the undersigned cannot ascertain plaintiff's likelihood

9     of success on the merits.  Accordingly, the undersigned will deny the motion to appoint counsel

10    without prejudice to its renewal.

11                              **MOTIONS FOR RECUSAL**

12    **I.     Motions for Recusal**

13         Plaintiff has filed two motions requesting that the undersigned recuse herself or asking

14    that the case be reassigned.  (ECF Nos. 24, 27.)[5]  In the first motion, plaintiff states that not all

15    parties have consented to begin proceedings pursuant to 28 U.S.C. § 636(c)(1) and 28 U.S.C. §

16    1343.[6]  (ECF No. 24 at 1.)  He states the "District court is faulty for finding plaintiff responsible

17    for transactions after application for in forma pauperis has been successfully completed under 28

18    U.S.C. § 1915(b)(2) that states the following taking away any responsibility from plaintiff, and

19    giving it to the Defendant(s) to file the case instead."

20         Plaintiff claims that he has not received notice from the court about the filing fee or

21    consented to a magistrate or district judge.  (Id. at 3.)  He argues that the undersigned does not

22

23    [5] Due to a clerical error, plaintiff's motion for recusal dated May 17, 2023, was filed in a different
      case. The error has been corrected and plaintiff's motion was filed on the docket in this action on
24    October 23, 2023.  (ECF No. 27.)

25    [6] Subsection (a)(3) of 28 U.S.C. § 1343 provides: "The district courts shall have original
26    jurisdiction of any civil action authorized by law to be commenced by any person . . . [t]o redress
      the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of
27    any right, privilege or immunity secured by the Constitution of the United States or by any Act of
      Congress providing for equal rights of citizens or of all persons within the jurisdiction of the
28    United States."

1    have jurisdiction to issue dispositive ruling in this case.  (Id. at 4.)  He further argues that the

2    "court should recuse the judge and reassign[] this case to a district judge from the Judicial

3    Commitee [sic] Panel Pursuant to the court's assignment Panel."  (Id.)  He requests a "Fair

4    Hearing by Disqualifying District Judge for recusal, reassignment, consent, sancions [sic], and

5    'MOTION FOR ADMINISTRATIVE RELEIF,' for Position to hear from the Attorney General

6    and all Parties affected by this motion and filing stage of this claim to Be GRANTED. For

7    Fourteenth Amendment Due Process Access to court."  (Id. at 5.)

8           In a supplement to the motion, plaintiff directs the court to look at a Yolo County habeas

9    case.  (ECF No. 24-1 at 1.)  He states that he was found incompetent to stand trial following a

10   Marsden hearing pursuant to California Penal Code § 1368.  He states that those proceedings

11   provide verifiable evidence to appoint a guardian ad litem under Federal Rule of Civil Procedure

12   17.  (Id.)  He further states the court is "failing to see the big problem in this case of abuse of

13   federal court jurisdiction for retaliation pursuant to the Younger Doctern [sic] for jurisdiction to

14   interfere with criminal proceedings with injunctive relief."[7]  (Id. at 2.)

15          Plaintiff also alleges that the issues raised are "associated with his step-brother who is a

16   law enforcement officer of U.C. Davis Health Care department and a crooked Doctor. And the

17   same cops here working at Yolo County hospitalizing him at Dignity Health Hospital without

18   consent for human sexualit [sic] research clinical trials, clinical studies violating [his] HIPAA

19   Act[8] and Privacy Act rights and Fourth and Fourteenth Amendment Protection from involuntary

20

21   [7] Plaintiff is advised that any challenge to the state court's determination that plaintiff is not
     competent or that he should be involuntarily medicated appear to be de facto appeals from
22   decisions of a state superior or administrative court.  The Rooker-Feldman doctrine bars this
     court from reviewing or vacating the order of the state court.  If plaintiff wishes to challenge the
23   state court order, his recourse is to appeal at the appropriate time.  See Cal. Penal Code §§ 1370,
     2602; Cal. Wel. & Inst. Code § 5334; see also People v. Christiana, 190 Cal. App. 4th 1040, 1045
24   (2010) ("an order determining the defendant to be incompetent and committing him to a state
     hospital is appealable as a final judgment in a special proceeding").
25

26   [8] Plaintiff's claims of a HIPAA violation will not be addressed here.  See Wilkerson v. Shineski,
     606 F.3d 1256, 1267 n.4 (10th Cir. 2010) ("HIPAA does not create a private right of action for
27   alleged disclosures of confidential medical information.").  If plaintiff feels his HIPAA rights to
     confidentiality of his medical information have been violated, he may submit a complaint with the
28   Department of Health and Human Services.  See https://www.hhs.gov/hipaa/filing-a-

1    medical treatment and involuntary medication before the hospital escape charge, and after the

2    hospital escape charge that the escape charge is the competency hearing that started 2-15-23 after

3    the 2-13-23 escape charge and was based on a sooner event that took place before retaliation took

4    place bringing him to the Dignity Health hospital before 2-2-23 INF-3 housing."  (Id. at 3.)

5         In the second motion, plaintiff again notes that not all parties have consented to

6    commence this proceeding under 28 U.S.C. § 636(c)(1) and 28 U.S.C. § 1343(a)(3).  (ECF No. 27

7    at 1.)  Plaintiff states that he has attempted to authorize his institution to provide a certified copy

8    of his prison trust account statement and he also authorized the institution to collect funds to pay

9    the filing fee, but this court has "failed to address" his application.  (ECF No. 27 at 2.)  He argues

10   that because defendants have not been served, the undersigned magistrate judge does not have

11   consent of all parties to exercise jurisdiction over this case.  (Id. at 3.)  He states the proceedings

12   should not start until this is done.  (Id.)

13        **II.    Legal Standards**

14        "Whenever a party to any proceeding in a district court makes and files a timely and

15   sufficient affidavit that the judge before whom the matter is proceeding has a personal bias or

16   prejudice either against him or in favor of an adverse party, such judge shall proceed no further

17   therein, but another judge shall be assigned to hear such proceedings."  28 U.S.C. § 144; see also

18   Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) abrogated on other grounds in

19   Simmons v. Himmelreich, 578 U.S. 621 (2016).

20        A judge must disqualify himself if "his impartiality might be reasonably questioned," 28

21   U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal

22   knowledge of disputed evidentiary facts concerning a party, or personal knowledge of disputed

23

24   complaint/index.html.  To the extent plaintiff is complaining that his constitutional right to
     privacy in his medical records has been violated, plaintiff is advised that he waived any right to
25   privacy in his medical records by putting his medical condition at issue in this lawsuit.  See, e.g.,
     Heilman v. Vojkufka, No. CIV S-08-2788 KJM EFB, 2011 WL 677877 at *2 (E.D. Cal. Feb. 17,
26   2011) (prisoner waives any constitutional right of privacy in his medical records when he places
     his medical condition at issue in a lawsuit); cf. Seaton v. Mayberg, 610 F.3d 530, 534 (9th Cir.
27   2010) (prisoners "do not have a constitutionally protected expectation of privacy in prison
     treatment records when the state has a legitimate penological interest in access to them.").
28

1   evidentiary facts concerning a party, or personal knowledge of disputed evidentiary facts

2   concerning the proceeding," 28 U.S.C. § 455(b)(1).  However, the bias must arise "from an

3   extrajudicial source" and cannot be based solely on information gained in the course of the

4   proceedings.  Pesnell, 543 F.3d at 1043-44 (citing Liteky v. United States, 520 U.S. 540, 555

5   (1994)).

6        "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality

7   motion."  Id. at 1044 (quoting Liteky, 510 U.S. at 555).  "In and of themselves . . . they cannot

8   possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances

9   evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is

10  involved."  Liteky, 510 U.S. at 555.  Judicial bias or prejudice formed during current or prior

11  proceedings is sufficient for recusal only when the judge's actions "display a deep-seated

12  favoritism or antagonism that would make fair judgment impossible."  Id.; Pesnell, 543 F.3d at

13  1044.  "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds

14  for establishing bias or impartiality, nor are a judge's efforts at courtroom administration."

15  Pesnell, 543 F.3d at 1044 (quoting Liteky, 510 U.S. at 555-56).

16        The objective test for determining whether recusal is required is whether a reasonable

17  person with knowledge of all the facts would conclude that the judge's impartiality might

18  reasonably be questioned.  United States v. Johnson, 610 F.3d 1138, 1147 (quoting marks and

19  citations omitted).  "Adverse findings do not equate bias."  Id. at 1148.

20  **III.    Analysis**

21        Plaintiff seeks recusal of the undersigned based on his dissatisfaction with the manner in

22  which this case is proceeding.  (ECF Nos. 24, 27.)  Additionally, he appears to argue for recusal

23  based on his desire to revoke his voluntary consent to proceed before a magistrate judge dated

24  December 8, 2022 (ECF No. 3).

25        Generic complaints of bias or dissatisfaction with decisions are insufficient to satisfy the

26  good cause or extraordinary circumstances requirement necessary to support a request to

27  withdraw consent.  Liteky v. United States, 510 U.S. 540, 555-56 (1994) (a party's disagreement

28  with reasonable court rulings does not constitute good cause or extraordinary circumstance for

1    withdrawing consent to magistrate jurisdiction).  Plaintiff arguments in support of recusal are

2    based solely on his disagreement with prior rulings and the manner in which this case is

3    proceeding.  Accordingly, the undersigned will deny the request for recusal.

4          The court further notes that plaintiff voluntarily consented to proceed before a magistrate

5    judge when this suit began.  Additionally, this action is proceeding before a magistrate judge in

6    accordance with Local Rule 302(c)(17) which provides in part that actions in which the plaintiff

7    is proceeding pro se shall proceed before a magistrate judge pursuant to 28 U.S.C. § 636.  "Once

8    a case is referred to a magistrate judge under section 636(c), the reference can only be withdrawn

9    by the district court, and only 'for good cause shown on its own motion, or under extraordinary

10   circumstances shown by any party.'"  Plata v. Woodford, No. 1:06-cv-01023 GSA PC, 2011 WL

11   675356, at *1 (E.D. Cal. Feb. 16, 2011) (citing Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993)).

12         The Ninth Circuit has stated that "good cause" and "extraordinary circumstances" are high

13   bars that are difficult to satisfy.  Branch v. Umphenour, 936 F.3d 994, 1004 (9th Cir. 2019).

14   "Neither mere dissatisfaction with a magistrate judge's decisions, nor unadorned accusations that

15   such decisions reflect judicial bias will suffice."  Id. (citing United States v. Neville, 985 F.2d

16   992, 1000 (9th Cir. 1993); Sanches v. Carrollton-Farmers Branch Indep. School Dist., 647 F.3d

17   156, 172 (5th Cir. 2011)).  This high bar is intended to prevent litigants from shopping between a

18   magistrate judge and a district judge based on "dissatisfaction with a magistrate judge's

19   decision."  Samson Tug & Barge, Co. v. Int'l Longshore & Warehoused Union, Alaska

20   Longshore Div., No. 3:20-CV-00108-TMB, 2022 WL 3212326, at *2 (D. Alaska Aug. 9, 2022).

21   "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings

22   before a magistrate judge."  Richson-Bey v. Watrous, 1:21-cv-1482 GSA PC, 2022 WL 3585515,

23   at *1 (E.D. Cal. Aug. 19, 2022) (citing Dixon, 990, F.2d at 480).

24         The court finds that plaintiff's arguments are based on dissatisfaction with the manner in

25   which this case is proceeding.  Thus, he has not shown good cause or extraordinary circumstances

26   that would support revocation of consent.

27   ////

28   ////

1

**MOTION TO APPOINT A GUARDIAN AD LITEM**

2

**I.      Plaintiff's Arguments**

3

Plaintiff has included requests for the appointment a guardian ad litem in several filings.

4

(ECF No. 23 at 6; ECF No. 25; ECF No. 26 at 2.)  In his motion captioned, "motion to appoint

5

guardian ad litem," plaintiff alleges he cannot follow any court rules "due to excessive

6

polic[ies]."  (ECF No. 25 at 1.)  He claims that excessive force was used on him before he came

7

to Atascadero State Hospital because he covered his window in the medical infirmary.  (Id.)  He

8

states he "was excessively tazed by state using medical for punishment violating PC § 1367-1370

9

as Torture and Retaliation continues by this action and Escape charge [in] case number 23-0488.

10

He states the court should take his allegations seriously because every time the court

11

denies relief he gets seriously injured.  (Id. at 2.)  He also argues that the court should appoint a

12

guardian ad litem because he is being involuntarily medicated pursuant to California Penal Code

13

§ 1370.  (Id. at 3.)

14

**II.      Legal Standards**

15

Federal Rule of Civil Procedure 17(c) provides that "[t]he court must appoint a guardian

16

ad litem—or issue another appropriate order—to protect a minor or incompetent person who is

17

unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).  "The purpose of Rule 17(c) is to protect an

18

incompetent person's interests in prosecuting or defending a lawsuit."  Davis v. Walker, 745 F.3d

19

1303, 1310 (9th Cir. 2014) (citing Gardner ex re. Gardner v. Parson, 874 F.2d 131, 140 (3d Cir.

20

1989)).

21

A district court must hold a competency hearing "when substantial evidence of

22

incompetence is presented."  Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005).  The Ninth

23

Circuit has not clearly stated what constitutes "substantial evidence" of incompetence warranting

24

such a hearing.  See Hoang Minh Tran v. Gore, No. 10cv464-GPC (DHB), 2013 WL 1625418, at

25

*3 (S.D. Cal. Apr. 15, 2013).  However, it has indicated that sworn declarations from the

26

allegedly incompetent litigant, sworn declarations or letters from treating psychiatrists or

27

psychologists, and medical records may be considered.  Allen, 408 F.3d at 1152-54.  The

28

evidence should shed light on the question of whether the individual is able to meaningfully take

1   part in the proceedings.  See AT&T Mobility, LLC v. Yeager, 143 F. Supp. 3d 1042, 1050 (E.D.

2   Cal. 2015) (citing In re Christina B., 19 Cal. App. 4th 1441, 1450 (1993)).

3       **III.**    **Analysis**

4         Plaintiff has stated that he was found incompetent in state criminal proceedings and has

5   been involuntarily medicated.  (ECF No. 25 at 1-3.)  He has also indicated that he was transferred

6   to Atascadero State Hospital and involuntarily medicated pursuant to a state court order.  (Id. at

7   3.)  However, he has not provided any additional evidence to indicate that he is incompetent.

8         Additionally, plaintiff's most recent notice of change of address indicates that he is no

9   longer confined at Atascadero State Hospital and has been returned to the custody of Yolo

10  County.  (ECF No. 29.)  This change in custody, could indicate that plaintiff has been returned to

11  competency.  Plaintiff has not provided enough evidence to warrant a competency hearing at this

12  time and plaintiff's status may have changed since he filed the motion.  Accordingly the

13  undersigned will deny the request to appoint a guardian ad litem without prejudice to its renewal.

14        If plaintiff submits a renewed request, he should provide evidence of his incompetency,

15  such as declarations from treating psychiatrists or psychologists and/or court records declaring

16  him incompetent.  The motion should also include names of individuals who could serve as a

17  guardian ad litem for plaintiff.

18        **MOTION TO EXPEDITE REQUEST FOR GUARDIAN AD LITEM**

19        Plaintiff states he filed a motion for a guardian ad litem on September 27, 2023.  (ECF

20  No. 28.)  He requests that the court "stop the arbitrary delay in responding to this request."  (Id.)

21  He states he would like to file an amended complaint and other requests, but he cannot because he

22  is hospitalized due to his mental illness.  He further argues that he needs assistance of someone

23  who understands the law.  (Id.)  He states that he is at risk of being denied access to the court if he

24  is released from Atascadero State Prison.

25        As set forth above, the undersigned the court has come to a decision on plaintiff's request

26  for a guardian ad litem.  Therefore, it will deny the request to expedite ruling on his request to

27  appoint a guardian ad litem.  To the extent plaintiff alleged that he would not be able to access the

28  court once released from Atascadero State Hospital, the court notes plaintiff has filed a notice of

1    change of address accompanied by a request for injunctive relief indicating he has been returned

2    to the custody of Yolo County.  Accordingly, he appears capable of accessing the court at this

3    time.

4                    **NOTICE OF CHANGE OF ADDRESS AND MOTION FOR INJUNCTION**

5              As set forth above, plaintiff filed a notice of change of address dated November 21, 2023.

6    (ECF No. 29.)  Therein, he states that he was transferred from Atascadero State Hospital to

7    Monroe Detention Center.  (Id.)  He further states, "Monroe Detention Center is complaining

8    about how much Legal Mail Property he has. And is refusing to Give him any of his Legal

9    Property."  He requests the court issue an "injunction ordering the Jail to hand over [his]

10   Property."  (Id.)

11             Plaintiff was previously advised of the legal standards applicable to motions for injunctive

12   relief.  (ECF No. 17 at 9-10.)  Specifically, that in any request for injunctive relief he must show

13   that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

14   absence of preliminary relief, that the balance of the equities tips in his favor, and that an

15   injunction is in the public interest."  Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).

16   The instant motion does not contain any information showing that plaintiff's motion complies

17   with the standards applicable to injunctive relief.  Accordingly, the undersigned will deny the

18   request without prejudice to its renewal.

19        **IV.     Conclusion**

20             For the reasons set forth above, IT IS HEREBY ORDERED that:

21             1.  The court takes judicial notice of plaintiff's application to proceed in forma pauperis

22   application and certified trust account statement filed in Bennett v. Newsom, No. 2:23-cv-0040

23   DAD CKD P (E.D. Cal.) on April 10, 2023;

24             2.  Plaintiff is granted leave to proceed in forma pauperis;

25             3.  Plaintiff's request for additional time to file a motion to proceed in forma pauperis

26   (ECF No. 26) is denied as moot;

27             4.  Plaintiff's motion to appoint counsel (ECF No. 23) is denied without prejudice;

28             5.  Plaintiff's motions for recusal (ECF Nos. 24, 27) are denied;

6. Plaintiff's motion to appoint a guardian ad litem (ECF No. 25) is denied without prejudice;

7. Plaintiff's motion to expedite his request to appoint a guardian ad litem (ECF No. 28) is denied;

8. Plaintiff's motion for injunctive relief (ECF No. 29) is denied without prejudice;

9. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."

Dated: January 9, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/benn2157.var