UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BENNETT, | No. 2:22-cv-2157 DB P |
| Plaintiff, | |
| v. | ORDER |
| MONROE DETENTION CENTER, et al., | |
| Defendants. | |

Plaintiff is a county inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his right to access the court has been denied, he has been retaliated against, and he has not received adequate mental health treatment. Presently before the court is plaintiff's motion for extension of time (ECF No. 34), motions for injunctive relief (ECF Nos. 32, 36, 39), motion for supplies and motion for private investigator (ECF No. 35), his motion for extension of time (ECF No. 34), his request to show cause (ECF No. 40), and his first amended complaint for screening (ECF No. 38). For the reasons set forth below, the undersigned will grant the motion for extension of time to file his first amended complaint, deny the motions for injunctive relief without prejudice, deny the motion for supplies and motion for private investigation without prejudice, deny the motions for temporary restraining order and preliminary injunction, deny his request for an order to show cause, and dismiss the complaint with leave to amend.

1

**SCREENING**

Plaintiff has submitted a first amended complaint to be screened by this court. (ECF No. 38.) Plaintiff had requested an extension of time to file his first amended complaint. (ECF No. 34.) The undersigned will grant Plaintiff's extension of time to file his first amended complaint.

### I.   Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

1  doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

2  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at 389. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### a. Analysis

Here plaintiff's first amended complaint is 138 pages long. (ECF No. 38.) There are three sections of the document plaintiff indicates are his amended complaint. (Id. at 7, 9, and 30.) The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534

U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff must eliminate from plaintiff's pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).  The court (and defendant) should be able to read and understand plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1177.  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions. As currently written plaintiff's first amended complaint does not provide comply with Rule 8, as it contains various unrelated documents, additional motions, and the claims are not set forth in a concise and direct matter.  In an abundance of caution, plaintiff will be given the opportunity to amend his complaint to cure the deficiencies.

## II.     Amending the Complaint

As set forth above, the first amended complaint fails to comply with Rule 8.  However, plaintiff will be given the option to file an amended complaint.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights.  The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant.  The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting.  That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim.  See Fed. R. Civ. P. 8(a).

////

////

1        Any amended complaint must show the federal court has jurisdiction, the action is brought
2   in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must
3   contain a request for particular relief. Plaintiff must identify as a defendant only persons who
4   personally participated in a substantial way in depriving plaintiff of a federal constitutional right.
5   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation
6   of a constitutional right if he does an act, participates in another's act or omits to perform an act
7   he is legally required to do that causes the alleged deprivation).

8        In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed.
9   R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed.
10  R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or
11  occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

12       The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d
13  1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any
14  heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P.
15  84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be
16  set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema
17  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,
18  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

19       An amended complaint must be complete in itself without reference to any prior pleading.
20  E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded.
21  Any amended complaint should contain all of the allegations related to his claim in this action. If
22  plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended
23  complaint.

24       By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and
25  has evidentiary support for his allegations, and for violation of this rule the court may impose
26  sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

27  ////
28  ////

Finally, plaintiff is advised that "[j]udges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters." Cortez v. City of Porterville, 5 F. Supp. 3d 1160, 1162 (E.D. Cal. 2014). Plaintiff should file a complaint that contains the allegations necessary to properly set forth his claims; filing an excessively-long complaint will delay the court's handling of his case.

## INJUNCTIVE RELIEF

Plaintiff has requested injunctive relief in several motions. (ECF Nos. 32, 36, 39, 40.) Plaintiff's request for an order to show cause directly discusses and addresses his concerns brought up within his motions for injunctive relief so it will be addressed within this section. The court will set forth the standards applicable to injunctive relief and address the allegations in each motion individually. Plaintiff's motions request relief as he does not have access to the court and does not want to speak with his social worker. The motions requesting injunctive relief will be denied without prejudice as the motions do not state what relief plaintiff would like the court to grant.

**I.     Legal Standards Relative to Injunctive Relief**

A party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principle purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2947 (3d ed. 2014). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2). Further, an injunction against individuals not parties to an action is strongly disfavored. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").[1]

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims. See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

**II.     Analysis**

Plaintiff filed documents requesting injunctive relief and T.R.O asserting he has been forced to receive unwanted medical treatment and he does not have access to the courts. (ECF Nos. 32, 36, 39, 40.) For a motion for injunctive relief to be granted Plaintiff must show "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

---

[1] However, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting. The All Writs Act, 28 U.S.C. § 16519(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law." The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction. Plum Creek Lumber Co. v. Hutton, 608 F.2d 1283, 1289 (9th Cir. 1979). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation. United States v. New York Telephone Co., 434 U.S. 159, 174 (1977).

preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Here, Plaintiff has not shown he is likely to succeed on the merits or likely to suffer irreparable harm. Plaintiff has been able to access the courts through the pendency of this case. This is shown through Plaintiff's numerous filings since January 2024:

- ECF No. 32 Motion for Injunctive Relief, 1/29/2024;
- ECF No. 33 Objections to (ECF No 31) Order and Request for Guardian Ad Litem, 1/29/2024;
- ECF No. 34 Motion for Extension of Time to file an Amended Complaint, 2/8/2024;
- ECF No. 35 Motion for Supplies and Motion for Private Investigator, 2/8/2024;
- ECF No. 36 Motion for Injunction on Failure to Mail out first amended complaint, 2/12/2024;
- ECF No. 37 Supplement to ECF No. 36, 2/15/2024;
- ECF No. 38 First Amended Prisoner Civil Rights Complaint, 3/8/2024;
- ECF No. 39 Motion for Preliminary Injunction, Motion for Temporary Restraining order, 4/1/2024;
- ECF No. 40 Request for Order to Show Cause, 4/5/2024;
- ECF No. 41 Motion for Summary Judgment, 4/29/2024; and
- ECF No. 42 Motion to Expedite Motion for Summary Judgment 4/29/2024.

It is clear from plaintiff's filings that he believes his current conditions of confinement violate his rights. However, the undersigned will deny the requests without prejudice because, the undersigned cannot discern what relief he is asking the court to grant to him as the court has been receiving his filings. In any renewed motion, plaintiff should state with specificity what relief is sought.

////

**MOTION FOR SUPPLIES AND PRIVATE INVESTIGATOR**

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has been granted leave to proceed with this action in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff, has filed a motion for court-ordered legal supplies and for a private investigator.  (ECF No. 35.)  However, plaintiff has not alleged that these items have been requested from prison officials; nor that such a request has been unreasonably denied. Further, the expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress.  <u>Tedder v. Odel</u>, 890 F.2d 210 (9th Cir. 1989).  The in forma pauperis statute does not authorize the expenditure of public funds for a private investigator.  <u>See</u> 28 U.S.C. § 1915.  Accordingly, the undersigned denies plaintiff's motion for supplies and a private investigator.

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time to file a first amended complaint (ECF No. 34) is granted;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint";

4.  Plaintiff's motions for injunctive relief (ECF Nos. 32, 36, 39, 40) are denied without prejudice;

5. Plaintiff's motion for supplies and private investigator (ECF No. 35) is denied; and

6. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  June 24, 2024

DB:16
DB/DB Prisoner Inbox/Civil Rights/S/benn2157.3d+scrn+pi

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE