1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID BENNETT,                         No.  2:22-cv-2157 SCR P

12              Plaintiff,

13        v.                                 ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   MONROE DETENTION CTR., et al.,

15              Defendants.

16

17        Plaintiff, a detainee at the Yolo County Superior Court proceeding pro se and in forma

18   pauperis, filed this civil rights action under 42 U.S.C. §1983.  Plaintiff has multiple pending

19   motions.  In addition, on July 24, plaintiff filed a second amended complaint.  Below, this court

20   addresses plaintiff's seven pending motions for preliminary injunctive relief and recommends

21   they be denied without prejudice.

22                                **BACKGROUND**

23        When he initiated this action, plaintiff was an inmate at Yolo County's Monroe Detention

24   Center.  (See ECF No. 1.)  Plaintiff identified as defendants the Monroe Detention Center, the

25   Yolo County Jail,[1] mental health providers working at the Detention Center, and Detention Center

26

27   [1]  It appears the Monroe Detention Center and the Yolo County Jail are one and the same
     institution. In any event, plaintiff generally refers to his place of detention as "the Jail."
28   Therefore, the court does so as well.

                                          1

staff.  Plaintiff complained of the Jail's mental health programs and his treatment, the legal materials provided by the Jail, and law library access.  In a screening order issued April 4, 2023, the court found plaintiff failed to state any cognizable claims for relief under §1983 because, among other things, he failed to connect the alleged violations of his rights to any named defendant.  (Apr. 4, 2023 Order; ECF No. 17 at 5.)  Plaintiff was provided instructions for amending his complaint and a brief description of the legal standards for the claims plaintiff appeared to be raising.  (Id. at 6-9.)  The court dismissed the complaint with leave to amend.

The April 4, 2023 screening order also addressed plaintiff's motions for the appointment of counsel, for injunctive relief, and for a guardian ad litem.  All were denied without prejudice.  (ECF No. 17 at 11-14.)  Thereafter, plaintiff filed another series of motions, including motions for various types of injunctive relief, for appointment of a guardian ad litem, and for recusal of the judge.  All were denied.  Most were denied without prejudice.  (ECF Nos. 22, 31, 43, 46.)

During the course of these proceedings, plaintiff was transferred from the Jail to Atascadero State Hospital in June 2023, back to the Jail in November 2023, and to Patton State Hospital on July 24, 2024.  (See Dkt. Notation on June 27, 2023; ECF No. 29; ECF No. 58.)  In a document filed October 2, plaintiff states that he has been returned to the Jail.  (ECF No. 65.)

On March 18, 2024, plaintiff filed a first amended complaint.  (ECF No. 38.)  On screening, the court found plaintiff's 138-page filing "long" and "rambling" and that it contained various unrelated documents and motions.  (ECF No. 43 at 3-4.)  In a June 24, 2024 order, the court dismissed the complaint with leave to amend.  Plaintiff was again provided instructions for filing an amended complaint.  (Id. at 4-6.)  The June 24 order also denied without prejudice plaintiff's numerous motions for injunctive relief, primarily on the grounds that the court could not determine the relief plaintiff was seeking.  (Id. at 7-8.)

On July 24, 2024, plaintiff filed a second amended complaint.  (ECF No. 57.)  In addition, over the last several months, plaintiff filed multiple additional motions for preliminary injunctive relief (ECF Nos. 44, 49, 50, 51, 52, 62, 63), motions for the appointment of a guardian ad litem (ECF Nos. 50, 58, 65), and a motion for the appointment of counsel (ECF No. 51).  The court is in the process of considering plaintiff's motions for appointment of a guardian ad litem and

1   counsel.  But because plaintiff identifies some of his motions for preliminary injunctive relief as

2   an emergency, this court considers them at this time.

3                              **MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF**

4       **I.       Legal Standards**

5           A party requesting preliminary injunctive relief must show that "he is likely to succeed on

6   the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

7   balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

8   Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  In the alternative, a preliminary injunction may

9   be issued when the plaintiff demonstrates "serious questions going to the merits" and that "the

10  balance of hardships tips sharply in the plaintiff's favor," along with "a likelihood of irreparable

11  injury and that the injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell,

12  632 F.3d 1127, 1134-35 (9th Cir. 2011).  Even when the other necessary factors are present, the

13  propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that

14  must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th

15  Cir. 1988).

16      **II.      Motions Filed During Prior Detention at the Jail**

17          Between June 13 and July 7, when he was detained at the Jail, plaintiff filed five motions

18  for preliminary injunctive relief.  Briefly, and without describing every one of plaintiff's

19  complaints and requests, the court summarizes the motions filed during this time period.  In his

20  motion dated June 13, plaintiff states that he is an FBI agent, lists a series of federal law

21  violations, contends the public defender is retaliating against him by initiating a proceeding to

22  question his competency to stand trial, alleges his access to the courts is being denied by

23  limitations on legal materials, claims he has been subjected to human trafficking, and claims he is

24  being beaten by officers.  (ECF No. 44.)  In his unsigned and undated motion docketed on July

25  11, plaintiff asks the court to stop mail room and library officers from reading his legal mail.

26  (ECF No. 49.)  In his motion dated July 4, plaintiff asks for legal supplies, to stop the "taunting

27  device torture," and to be sent to the state hospital for restoration of competency.  (ECF No. 50.)

28  In his motion dated June 17, plaintiff complains about the lack of legal supplies, excessive force,

1  and retaliation.  (ECF No. 51.)  In his motion dated July 7, plaintiff states that he has been denied

2  the help of a jailhouse lawyer with his habeas corpus petition, that his legal mail is being read,

3  and that he is being refused mental health treatment.  (ECF No. 52.)

4        Plaintiff's motions contain a broad range of allegations, many of which are patently

5  incredible, and seek a broad range of injunctive relief.  Because the last motion plaintiff filed

6  during his prior jail detention is dated July 7, any allegations the court might be able to address,

7  such as plaintiff's access to legal materials, are not necessarily current concerns.  Because any

8  harm plaintiff sought to remedy is no longer imminent and, in any event, was relieved by

9  plaintiff's transfer to Patton State Hospital on July 24, this court will recommend plaintiff's first

10  five pending motions for preliminary injunctive relief be denied without prejudice.

11    **III.    Motions Filed During Detention at Patton State Hospital**

12        Plaintiff filed two motions for injunctive relief while he was detained at Patton State

13  Hospital.  (ECF Nos. 62, 63.)  Plaintiff complained about a lack of grievance forms, legal

14  supplies, and Jewish services.  He also stated that he was going on a hunger strike because he was

15  being denied kosher meals.  Because plaintiff has been transferred back to the Jail, he is no longer

16  being subjected to the conduct he complained about at Patton.  Plaintiff's motions should be

17  denied for this reason.  This court recommends they be denied without prejudice based on the

18  possibility plaintiff could be returned to Patton.

19        For the foregoing reasons, and good cause appearing, the Clerk of the Court IS HEREBY

20  ORDERED to randomly assign a district judge to this case.

21        Further, IT IS RECOMMENDED that plaintiff's motions for preliminary injunctive relief

22  (ECF Nos. 44, 49, 50, 51, 52, 62, 63) be denied without prejudice.

23        These findings and recommendations will be submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

25  after being served with these findings and recommendations, plaintiff may file written objections

26  with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

27  and Recommendations."  Plaintiff is advised that failure to file objections within the specified

28  ////

4

time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 11, 2024

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE