1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID BENNETT,                           No.  2:22-cv-2157-DJC-SCR

12                 Plaintiff,

13         v.                                   ORDER AND

14    MONROE DETENTION CENTER, et al.,          FINDINGS AND RECOMMENDATIONS

15                 Defendants.

16

17          Plaintiff is a county jail inmate currently located at Atascadero State Hospital.  He is

18    proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending

19    before the court is plaintiff's second amended complaint along with additional  motions

20    requesting the appointment of counsel, a guardian ad litem, and a preliminary injunction.  The

21    court will screen the second amended complaint to determine whether this case may proceed to

22    service.

23          **I.      Procedural History**

24          This action was initiated in November 2022 when plaintiff filed his original complaint.[1]

25    ECF No. 1.  Before the complaint could be screened by the court, plaintiff filed motions for the

26    appointment of counsel, a guardian ad litem, a preliminary injunction, and a temporary restraining

27    _____

28    [1]  All filing dates have been calculated using the prison mailbox rule.  See Houston v. Lack, 487
      U.S. 266 (1988) (establishing the prison mailbox rule).

                                                1

order.  ECF Nos. 6-12.  On April 4, 2023, the magistrate judge previously assigned to this case dismissed plaintiff's complaint for failing to state a claim, but granted him leave amend.  ECF No. 17.  In this screening order, plaintiff was provided with the appropriate legal standards governing his potential claims for relief and was specifically warned against bringing unrelated claims against different defendants in a single civil action.  ECF No. 17 at 7.  The same order denied plaintiff's pending motions without prejudice finding that they provided no arguments or evidence warranting relief.  ECF No. 17

Plaintiff filed a second series of motions without filing an amended complaint.  ECF Nos. 18, 23-27.  These motions were denied without prejudice by order dated January 10, 2024.  ECF No. 31.  In the same order, the court granted plaintiff an extension of time to file an amended complaint.  ECF No. 31.

In January and February 2024, plaintiff filed a third round of motions seeking a preliminary injunction, a private investigator, and a guardian ad litem.  ECF Nos. 32-33, 35-37.  Before the court could rule on these motions, plaintiff finally complied with the court's April 4, 2023 order and filed a first amended complaint.  ECF No. 38.

By order dated June 24, 2024, plaintiff's first amended complaint was dismissed because it contained unrelated claims against different defendants, just like the original complaint, and did not contain a short and simple description of the claims for relief in violation of Rule 8 of the Federal Rules of Civil Procedure.  ECF No. 43 at 3-4.  Out of an abundance of caution, plaintiff was once again granted leave to amend to try to cure these defects.  The court also instructed plaintiff on the legal standards that he would have to meet in order for any second amended complaint to be served.  ECF No. 43 at 4-6.

Plaintiff filed new motions for a preliminary injunction, appointment of counsel, and legal materials before he filed a second amended complaint.  ECF Nos. 44, 49-52.  After filing the second amended complaint, plaintiff also filed additional motions for a guardian ad litem and a preliminary injunction.  ECF Nos. 62-63.

On October 11, 2024, the undersigned recommended that plaintiff's pending motions be denied without prejudice.  ECF No. 66.  These Findings and Recommendations were adopted by

1    the district judge on December 30, 2024.  ECF No. 74.

2          Plaintiff has a sixth round of motions requesting a preliminary injunction, the appointment

3    of counsel, and a guardian ad litem which are currently pending.[2]  ECF Nos. 58, 65, 69-70, 72-73.

4    The court has reviewed these motions and they continue to lack sufficient evidentiary support or

5    legal arguments justifying the requested relief.  The undersigned recommends that all these

6    motions be denied as moot based on the lack of any viable claim presented in the second amended

7    complaint as described in further detail below.

8          **II.    Screening Requirement**

9          The court is required to screen complaints brought by prisoners seeking relief against "a

10   governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  In

11   performing this screening function, the court must dismiss any claim that "(1) is frivolous,

12   malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief

13   from a defendant who is immune from such relief."  Id. § 1915A(b).  A claim is legally frivolous

14   when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325

15   (1989).  The court may dismiss a claim as frivolous if it is based on an indisputably meritless

16   legal theory or factual contentions that are baseless.  Neitzke, 490 U.S. at 327.  The critical

17   inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and

18   factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

19         In order to avoid dismissal for failure to state a claim a complaint must contain more than

20   "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

21   of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

22   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

23   statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A claim upon which the

24   court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial

25   _____

26   [2]  The court takes judicial notice of the most recent series of motions filed by plaintiff in Bennett
     v. Lopez, No. 2:23-cv-2885-TLN-CKD (E.D. Cal.) at ECF No. 29, which indicates that staff at

27   Atascadero State Hospital determined that he was competent to stand trial on March 20, 2025.
     See United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980) (stating that a court may take

28   judicial notice of its own records in other cases).

1    plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

2    inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.  When

3    considering whether a complaint states a claim, the court must accept the allegations as true,

4    Erickson v. Pardus, 551 U.S. 89, 93-94 (2007), and construe the complaint in the light most

5    favorable to the plaintiff, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

6         **III.    Allegations in the Second Amended Complaint**

7              At all times relevant to the allegations in the second amended complaint, plaintiff was a

8    pretrial detainee at the Monroe Detention Center in Woodland, California.  Plaintiff first alleges

9    that he was denied adequate paper to be able to access the courts in this case as well as his other

10   cases filed in this court.  ECF No. 57 at 1-2.  He does not indicate when or from whom he

11   requested such legal supplies or who denied such a request.[3]

12             Plaintiff does name Philip Pogledich and Eric May, who are both employed as Yolo

13   County Counsel, as well as Officer Schider as defendants in this action.  ECF No. 57 at 3.

14   Plaintiff is suing these defendants for "anti-trust and false claims," civil extortion, legal

15   malpractice, conspiracy to commit murder, misusing the HIPAA Act, writing false checks,

16   kidnapping, bribery, and torture.  ECF No. 57 at 3.

17             Plaintiff also names Rosemary Gladden as an additional defendant.  Id. at 4.  He asserts

18   that defendant Gladden informed him that he did not have the right to refuse medication, and that

19   she failed to enforce an involuntary medication order for a period of 90 days.  Id. at 4.  Based on

20   these two contradictory allegations, plaintiff asserts that defendant Gladden defrauded the

21   government, and violated the Americans with Disabilities Act ("ADA"), the Rehabilitation Act

22   ("RA") and the HIPAA Act.  Id.

23             The fifth defendant in this action, Dr. Lindsey Alvis, used a false court order to retaliate

24   against plaintiff by threatening him with an involuntary medication order.  Id. at 5.

25             The second amended complaint also alleges that plaintiff's legal mail is being read, but he

26   does not indicate if this was an isolated incident or which jail official was responsible for opening

27
     _____

28   [3]  As plaintiff's numerous and frequent filings in his several active cases in this District
     demonstrate, plaintiff appears to have ready access to paper.

                                             4

1    his mail.  Id. at 5.

2           Plaintiff also describes an incident involving the use of excessive force against him, but he

3    does not indicate who was responsible.  Id. at 6.

4           Plaintiff also expands the scope of his allegations to include complaints about his ongoing

5    criminal proceedings in the Yolo County Superior Court as well as a vague and conclusory

6    allegation of a civil conspiracy against him by unnamed officials.

7           By way of relief, plaintiff seeks compensatory and punitive damages as well as injunctive

8    relief requiring jail officials to provide him with postage, writing paper, and pro per legal

9    supplies.  ECF No. 57 at 10.

10          **IV.    Analysis**

11          After conducting the screening required by 28 U.S.C. § 1915A(a), the undersigned finds

12   that plaintiff has failed to state any claim upon which relief may be granted against any named

13   defendant.  Plaintiff presents many theories of liability in the second amended complaint, but no

14   facts to actually connect them to the defendants identified in the second amended complaint.  It is

15   entirely conclusory and does not contain a short and plain statement as required by Fed. R. Civ. P.

16   8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

17   notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency,

18   733 F.2d 646, 649 (9th Cir. 1984).

19          Moreover, as plaintiff was previously advised, in order to state a claim he must link each

20   named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's

21   federal rights.  Plaintiff may demonstrate that connection by alleging facts showing: (1) a

22   defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set

23   "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by

24   others, which [the defendant] knew or reasonably should have known would cause others to

25   inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (quotation

26   marks and citation omitted).  The Ninth Circuit has held that "[a] person 'subjects' another to the

27   deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

28   act, participates in another's affirmative acts or omits to perform an act which he is legally

1  required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588

2  F.2d 740, 743 (9th Cir. 1978) (citation omitted).  To state a claim for relief under § 1983, plaintiff

3  must link each named defendant with some affirmative act or omission that demonstrates a

4  violation of plaintiff's federal rights.  Absent such linkage, he has failed to state a constitutional

5  violation by any defendant.

6         Additionally, plaintiff has expanded the scope of his allegations to include even more

7  unrelated claims against multiple defendants.  Plaintiff was previously warned by the court that

8  unrelated claims against different defendants are required to be filed in separate civil suits.  See

9  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  He failed to heed that warning, and the

10  mish-mash of unrelated allegations in the second amended complaint make it impossible for this

11  court to determine the legal basis for this lawsuit.  For all these reasons, the undersigned

12  recommends dismissing plaintiff's second amended complaint for failing to state a claim upon

13  which relief may be granted.  28 U.S.C. § 1915A(b)(1).

14         **V.    Leave to Amend**

15         Once the court finds that a complaint should be dismissed for failure to state a claim, the

16  court has discretion to dismiss with or without leave to amend.  Leave to amend should be

17  granted if it appears possible that the defects in the complaint could be corrected, especially if a

18  plaintiff is pro se.  Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v.

19  United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to

20  amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that

21  the deficiencies of the complaint could not be cured by amendment.") (citation omitted).

22  However, if, after careful consideration, it is clear that a claim cannot be cured by amendment,

23  the court may dismiss without leave to amend.  Cato, 70 F.3d at 1105-06.  It appears to the court

24  that further amendment of this case would be futile because the deficiencies have not been cured

25  despite being given two prior chances to amend.  Additionally, plaintiff has a habeas corpus

26  petition pending in this court challenging his state court criminal proceedings.  See Bennett v.

27  Lopez, No. 2:23-cv-02885-TLN-CKD (E.D. Cal.).  To the extent that the allegations in the

28  second amended complaint concern his ongoing criminal proceedings in state court, they are

1    properly raised in the pending habeas corpus action and not this civil lawsuit.  Therefore, the

2    undersigned recommends that the second amended complaint be dismissed without further leave

3    to amend.  Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th

4    Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to

5    allow futile amendments).

6             **VI.    Plain Language Summary for Party Proceeding Without a Lawyer**

7             Since plaintiff is representing himself in this case, the court wants to make sure that

8    the words of this order are understood.  The following information is meant to explain this order

9    in plain English and is not intended as legal advice.

10            The court has reviewed your second amended complaint and determined that it does not

11   state any claim for relief because the facts are too vague to link defendants to the asserted

12   constitutional violation.  The undersigned is recommending that your second amended complaint

13   be dismissed without further leave to amend.

14            If you disagree with this recommendation, you have 21 days to explain why it is not the

15   correct outcome in your case.  Label your explanation "Objections to Magistrate Judge's Findings

16   and Recommendations."  The district judge assigned your case will review the file and make the

17   final decision in this matter.  No other filings will be accepted by the court beyond a single set of

18   objections.

19            IT IS HEREBY ORDERED that:

20            1.  Defendants' request to file plaintiff's medical records under seal (ECF No. 75) is

21   granted.

22            2.  The Clerk of Court shall file plaintiff's medical records from the Monroe Detention

23   Center under seal and *nunc pro tunc* to January 30, 2025 when they were electronically submitted

24   to the court.

25            3.  **In light of plaintiff's repetitive and duplicative filings in this case, the court will**

26   **restrict plaintiff's filings to one single set of objections to these Findings and**

27   **Recommendations.  Any additional requests, notices, or motions filed by plaintiff  will be**

28   **stricken from the docket as filed in violation of a court order.  No further filings will be**

7

1  **accepted by the court pending review of this matter by the district court judge assigned to**

2  **this case.**

3          IT IS FURTHER RECOMMENDED that:

4          1.  Plaintiff's second amended complaint (ECF No. 57) be dismissed without further leave

5  to amend for failing to state a claim upon which relief may be granted.

6          2.  All of plaintiff's pending motions (ECF Nos. 58, 65, 69, 70, 72, 73) be denied as moot

7  in light of the dismissal of this action.

8          These findings and recommendations are submitted to the United States District Judge

9  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty one days

10  after being served with these findings and recommendations, any party may file written

11  objections with the court and serve a copy on all parties.  Such a document should be captioned

12  "Objections to Magistrate Judge's Findings and Recommendations."  No further filings will be

13  accepted by the court pending review of this matter by the district court judge assigned to your

14  case.  Any response to the objections shall be filed and served within fourteen days after service

15  of the objections.  The parties are advised that failure to file objections within the specified time

16  may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

17  Cir. 1991).

18  DATED: May 14, 2025

19

20                    SEAN C. RIORDAN
                      UNITED STATES MAGISTRATE JUDGE
21

22

23

24

25

26

27

28